Chief Justice Robertson,
delivered the opinion of the court.
In 1818, William Barnet was appointed the guardian of Lavice Rucker, and thereupon executed a guardian’s bond with William Robinson as his surety.
In 1828, the ward, having become 14 years old, chose Joseph Miller to be her guardian, who accordingly executed bond. Shortly afterwards she married William Miller; and thereupon (whilst she was a minor,) this suit (debt) was brought against Barnet and Robinson, on the first bond, in the name of the commonweal.h “for the hen ft of Joseph Miller, guardian for Lavice Mill r, wif. of William Miller.” Judgment having been rendered against the defendants in the action, by defauT, for the penalty of their bond to be discharged by $269, the damages assessed by the jury, they have prosecuted this writ of error.
rrn 1 1 ....... , 1 he declaration is insufficient. A person who has no legal right to the subject matter of the suit, cannot maintain an action, as relator. Joseph Miller is the relator in this case. As guardian, he had no right to prosecute the suit. If the ward had not married, the suit should have been brought in her own name as reíator, by her “prochien ami\n Her guardian could not maintain the suit in his own name as guardian; because he had no beneficial interest, and the legal right was in his ward.
But the marriage, superseded the guardianship. As to all prospective contiol over the ward, or custody of ker estate, the guardian was supplanted by the husband. The feme being identified with the baron and subject to his control, can no longer be in ward; according to the common law; Co. Litt. 89; Ba. Abr. Tit. guardian, E. II Institutes, 260.
The same principle which thus applies to guardians in socage must be equally applicable to statutory sjtians. '
Turner, for plaintiffs; Owsley, for defendants.
By the marriage, William Miller, acquired an absolute right to all the chattels of his wife, in possession, and the right in action to all her chores in action.
William Miller and his wife should, therefore have been the relators; the suit should have been brought for their benefit and not for that of Joseph Miller, the guardian defunct.
Wherefore, the judgment is reversed, and the cause remanded for proceedings, consistent with this opinion.